UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEQUARIUS D. FITZPATRICK,

     Plaintiff,

  v.          Case Nos. 17-C-101, 17-C-102

SGT VERHEYEN, *et al.*,

     Defendants.

## ORDER RESOLVING MOTION FOR DEFAULT JUDGMENT, MOTIONS TO COMPEL, MOTIONS FOR EXTENSION OF TIME, AND MOTION TO SUPPLEMENT

Plaintiff Dequarius Fitzpatrick filed these consolidated *pro se* actions under 42 U.S.C. § 1983, alleging violations of his civil rights. His claims arise from incidents in which he alleges that prison officials at Green Bay Correctional Institution (GBCI) failed to adequately respond to his stated intention to act on suicidal thoughts. Presently before the court are several motions arising out of discovery and dispositive motion practice in this case.

### I. Fitzpatrick's Motion for Default Judgment

On August 9, 2017, Fitzpatrick filed a motion for default judgment as part of a reply brief in support of two of his earlier motions to compel discovery. ECF No. 39. In an order on August 16, 2017, this court denied Fitzpatrick's motions to compel but directed the defendants to respond to his new motion for default judgment. ECF No. 40 at 2.

Fitzpatrick's motion sought default judgment as a sanction against Defendants Wickman, Koehler, and Eichstedt under Federal Rule of Civil Procedure 37(e)(2)(C) for their failure to provide him with video recordings of his suicide attempt on October 17, 2016. ECF No. 39 at 5. Arguing

that the videos would have played an important supportive role in his case by showing, for example, the "enormous amounts of blood that was lost due to [the defendants'] 40 minute intentional delays in treatment that exacerbated [his] injury," Fitzpatrick inferred an intentional destruction of evidence. *Id.* at 5–6.

The defendants responded by arguing that Fitzpatrick's motion has become moot. ECF No. 42. Their response and two accompanying declarations explain that, after Fitzpatrick filed his motion, the defendants' attorney asked GBCI staff to perform a new search "to be sure the video was not overlooked." ECF No. 43 ¶ 2. During the search that followed, staff—including Defendant Koehler—identified a video from October 17, 2016, that had been mislabeled as documenting an incident on October 22, 2016. *Id.* ¶ 7. In total, GBCI staff identified six videos from October 17, 2016, documenting Fitzpatrick's removal from his cell, the condition of Fitzpatrick's cell upon his removal, Fitzpatrick being placed in restraints, Fitzpatrick stretching while being restrained, and Fitzpatrick's release from restraints and return to his cell. *Id.* ¶ 11. Fitzpatrick viewed the videos on the same day they were found. *Id.* ¶ 12. Because the defendants provided Fitzpatrick with access to the videos upon their discovery, they argue that his motion was moot. ECF No. 42 at 2. Fitzpatrick, having viewed the videos, submitted a reply agreeing that the videos mooted his motion as to Koehler but arguing that defendants had still failed to satisfy his request for videos depicting two earlier suicide attempts involving Wickman and Eichstedt. ECF No. 45. Defendants filed a motion for leave to file a sur-reply brief. ECF No. 46.

Both Fitzpatrick's motion for default judgment and defendant's motion to file a sur-reply will be denied. Under Federal Rule of Civil Procedure 37(e)(2)(C), a court may grant default judgment as a sanction for a party's failure to preserve electronically stored information "only upon finding that

the party acted with the intent to deprive another party of the information's use in the litigation." The record shows that the defendants initially searched for video records in response to Fitzpatrick's discovery requests, that they conducted an additional search using new methods in response to Fitzpatrick's motion to compel, and that they immediately allowed Fitzpatrick to view the misplaced videos once they were discovered. ECF No. 43 ¶¶ 3–11; ECF No. 44 ¶ 7. Because these events reflect, at most, a negligent organization of video records at GBCI, the court finds that the defendants' actions do not reflect an intent to deprive Fitzpatrick of video evidence. Accordingly, his motion for default judgment will be denied, rendering defendants' motion for leave to file a sur-reply brief unnecessary.[1]

## II. Fitzpatrick's Motions to Compel

Fitzpatrick has filed two new motions to compel defendants to provide him with documents he requested during discovery. ECF Nos. 41, 58. On August 28, 2017, he filed the first motion, which seeks production of eleven specific Division of Adult Institutions (DAI) policies that he alleges defendants have failed to provide in response to his previous requests. ECF No. 41 at 1. In an order on August 16, 2017, the court noted that administrative regulations should be available to Fitzpatrick through the prison law library. ECF No. 40 at 2. Fitzpatrick responded to that order by attaching to his new motion a "Policy Index" from the GBCI Law Library, which he argues shows that he does not have access to the eleven policies through the library. ECF No. 41-2.

Absent from Fitzpatrick's current motion, however, is any certification that he has conferred with defendants in an effort to resolve their alleged failure to produce these policies. Under Civil

_____

[1] The court also notes that defendants' motions for leave to file a sur-reply did not include the proposed brief, as required by Civil L.R. 7(i).

L.R. 37, Fitzpatrick must submit with his motion to compel discovery "a written certification . . . that, after[he] in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In an earlier filing, Fitzpatrick submitted defendants' response to his original request for these documents, which stated that the undisclosed policies "are not available for inmate review or are not responsive to [his] request." ECF No. 39-1 at 3. Aside from this earlier filing, Fitzpatrick offers no indication that he has attempted to resolve his impasse with the defendants' without court intervention. Because his motion lacks that certification, it could be denied outright.

More importantly, however, Fitzpatrick has not raised any argument demonstrating that he is entitled to these DAI policies. The defendants explained that the particular policies he requested were not responsive to Fitzpatrick's request, and Fitzpatrick's successive motions have merely reiterated his request that the defendants produce the policies without countering the defendants' responsiveness determination. Defendants also asserted that the policies were "not available for inmate review," which suggests a security interest in declining to disclose non-responsive policies. Prison officials may reasonably limit an inmate's access to evidence "if giving evidence directly to an inmate would threaten the safety or security of the institution." *Johnson v. Brown*, 681 F. App'x 494, 496 (7th Cir. 2017) (citing *Donelson v. Pfister*, 811 F.3d 911, 917–18 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007)). Fitzpatrick has never alleged that these policies will constitute relevant, admissible evidence in support of his claim, nor has he argued that the defendants do not make these policies available to inmates for "arbitrary or capricious" reasons. *Johnson*, 681 F. App'x at 496–97. Accordingly, this motion will be denied.

Fitzpatrick's more recent motion, filed on October 6, 2017, seeks an order compelling defendants to produce the unredacted log book pages for the Restrictive Housing Unit on August 31, 2016. ECF No. 58. He notes that defendants' submitted a redacted version of this document in support of their motion for summary judgment (ECF No. 54-11), and he alleges that these pages from the log book were not among the documents disclosed to him by the defendants, despite his clear request for the production of log books. Once again, however, his motion to compel lacks any certification that he attempted to resolve this dispute with defendants before seeking court involvement, as required by Civil L.R. 37. In light of the defendants' previous representation to the court that they would provide Fitzpatrick with all requested documents by August 4, 2017 (ECF No. 37 at 2), Fitzpatrick's claim that the defendants failed to disclose the pages from this log book is concerning. Nonetheless, Fitzpatrick's motion is now moot to the extent that he actually has access to the log book as a result of the defendants' summary judgment filing, and it will otherwise be denied for a lack of certification regarding prior efforts to resolve this redaction dispute without court involvement.

### III. Fitzpatrick's Motions for Extensions of Time

While these motions have were pending, Fitzpatrick has filed two extension motions. The first is a "Motion for Extension to Conduct Discovery and File Dispositive Motions." ECF No. 47. This motion will be denied in part and granted in part. With regard to the discovery deadline, the motion argues that his first motion to compel "if granted will more than likely lead to the discovery of additional documents." *Id.* at 1. He also speculates that the defendants' responses to his requests for admissions "may also lead to the need for additional discovery." *Id.* Because the court denies Fitzpatrick's motions to compel, the discovery deadline will not be extended. However,

Fitzpatrick's motion also requests an extension of the deadline for filing a motion for summary judgment. Because this order, by declining to order the defendants to produce certain documents, provides Fitzpatrick with clarification regarding which document he will have available to him, he may file a motion for summary judgment within thirty days of the date of this order.

Fitzpatrick has also filed a "Motion for Extension to Respond to Defendant's Motion for Summary Judgment." ECF No. 57. This motion will be granted. Citing the pending motions, Fitzpatrick argues that he "cannot fully, effectively and efficiently respond to defendant's motion for summary judgment when he has not yet finished discovery himself." *Id.* at 1. Defendants have noted that they will not object to an extension of time for Fitzpatrick to file a response to their motion for summary judgment. ECF No. 37 at 2; *see also* ECF No. 55 at 1. Because this order resolves Fitzpatrick's pending discovery motions and provides him with the knowledge that discovery will not continue, he may file his response to defendants' motion for summary judgment within thirty days of the date of this order. Furthermore, because this order resolves the pending discovery issues, the court declines Fitzpatrick's request to schedule a telephone conference on these matters.

## IV. Defendants' Motion to Supplement Motion for Summary Judgment

On October 2, 2017, the defendants filed a motion (ECF No. 55) to file a supplemental declaration in support of their motion for summary judgment, which was filed on September 29, 2017 (ECF No. 48). They explained that they failed to file the transcript of Fitzgerald's deposition with their motion for summary judgment, despite citing to it extensively throughout their proposed findings of undisputed facts. Their motion will be granted.

**IT IS THEREFORE ORDERED** that Fitzpatrick's motion for default judgment (ECF No. 39) and defendant's motion for leave to file a sur-reply in opposition (ECF No. 46) are both **DENIED**.

**IT IS FURTHER ORDERED** that Fitzpatrick's motions to compel discovery (ECF Nos. 41 & 58) are **DENIED**.

**IT IS ALSO ORDERED** that Fitzpatrick's motion for an extension of time to conduct discovery and file dispositive motions (ECF No. 47) is **GRANTED** in part and **DENIED** in part. Fitzpatrick may file a motion for summary judgment within **30 days** of the date of this order.

**IT IS FURTHER ORDERED** that Fitzpatrick's motion for an extension of time to respond to defendants' motion for summary judgment (ECF No. 57) is **GRANTED**. Fitzpatrick may file a response to defendants' motion for summary judgment within **30 days** of the date of this order.

**IT IS ALSO ORDERED** that defendants' motion to file a supplemental declaration in support of their motion for summary judgment (ECF No. 55) is **GRANTED**.

Dated this 23rd day of October, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court