UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEQUARIUS D. FITZPATRICK,

        Plaintiff,

v.                                        Case Nos. 17-C-101, 17-C-102

SGT VERHEYEN, *et al.*,

        Defendants.

## DECISION AND ORDER

Plaintiff Dequarius Fitzpatrick filed these consolidated *pro se* actions under 42 U.S.C. § 1983, alleging violations of his civil rights. His claims arise from incidents in which he alleges that prison officials at Green Bay Correctional Institution (GBCI) failed to adequately respond to his stated intention to act on suicidal thoughts. On October 23, 2017, this court issued an order resolving several of Fitzpatrick's discovery motions and permitting him to file a motion for summary judgment and respond to the defendants' motion for summary judgment within thirty days. ECF No. 59. Since then, Fitzpatrick has filed a motion to stay (ECF No. 61), four discovery motions (ECF Nos. 60, 62, 64, 66), a motion for an extension of time (ECF No. 63), and a motion to appoint counsel (ECF No. 66). These motions will all be denied.

At the outset, Fitzpatrick's motion to stay refers to the various motions decided in this court's October 23, 2017 order. ECF No. 61. That order resolved Fitzpatrick's motions, concluded that the time for discovery had ended, and established deadlines for Fitzpatrick to file a motion for summary judgment and respond to defendants' motion for summary judgment. Consequently, Fitzpatrick's motion for stay is moot and will be denied.

Two of Fitzpatrick's discovery motions request sanctions against Defendant John Afolabi. ECF Nos. 60, 64. The first seeks a default judgment against Afolabi for allegedly "committing perjury" (ECF No. 60 at 1), and the second more generally seeks "an order sanctioning Defendant Afolabi" for the same conduct (ECF No. 64). Both motions arise out of Afolabi's discovery responses related to Fitzpatrick's claim that Afolabi failed to act after Fizpatrick told him on August 31, 2016, that he was suicidal. In the report created in response to Fitzpatrick's inmate complaint about the incident, the complaint examiner noted that, after contacting Afolabi several times over the intercom, "Fitzpatrick indicated that he was feeling suicidal. [Afolabi] then contacted the unit sergeant," who in turn contacted the PSU. ECF No. 60-1 at 1. But in his response to Fitzpatrick's first set of interrogatories, Afolabi stated that, during the exchange, Fitzpatrick "did not provide further details regarding why he wanted to talk to PSU." *Id.* at 3. And in response to Fitzpatrick's request for admission, Afolabi admitted that he "answered [Fitzpatrick's] intercom call and that [Fitzpatrick] inform[ed] him that he wanted to speak with PSU," but Afolabi denied that Fitzpatrick "informed defendant Afolabi he was suicidal." *Id.* at 7.

Any inconsistency between these statements is insufficient to support either a default judgment or a more general discovery sanction against Afolabi. The complaint examiner's report reflects not Afolabi's sworn testimony but the complaint examiner's impression of Afolabi's statement, and inconsistency, if any, between Afolabi's admission and answer to the interrogatory presents a question of credibility, which a fact-finder may properly consider if the case goes to trial. Furthermore, Fitzpatrick has not presented evidence demonstrating that any inconsistency between Afolabi's statements reflects a willful desire to deceive. Fitzpatrick's motions for sanctions against Afolabi will be denied.

Fitzpatrick has also filed a motion for sanctions under Federal Rule of Civil Procedure 37(e)(1) against Defendants Wickman and Eichstedt, who he alleges are responsible for the loss of video records related to his suicide attempts on October 17, 2016. ECF No. 62. This court previously denied a motion for default judgment on this basis under rule 37(e)(2)(C). ECF No. 59 at 2–3. Fitzpatrick now asks this court to "level the evidentiary playing field . . . by indulging a presumption which supplies the lost proof." (ECF No. 62 at 3.) Under Rule 37(e)(1), the court may, "upon finding prejudice to another party from loss of the information, . . . order measures no greater than necessary to cure the prejudice." Fitzpatrick's motion will be denied. Presently, there is no trial scheduled in this matter, so there is no need to contemplate the possibility of an adverse inference instruction to the jury on this matter. The court is well aware of Fitzpatrick's allegations with regard to video recordings of his suicide attempts, and his claims will receive due regard from the court as the court considers the briefing on summary judgment.

Also before the court is a motion for extension of time to conduct discovery (ECF No. 63) and a motion to compel discovery (ECF No. 66). Fitzpatrick requests additional time for the purpose of obtaining specific Division of Adult Institutions (DAI) policies from the defendants, and he seeks to compel production of those policies. This motion will be also be denied. Fitzpatrick alleges that these policies are relevant because he seeks to prove that the defendants acted with deliberate indifference by failing to adhere to them. "But ignoring internal prison procedures does not mean that a constitutional violation has occurred." *Lewis v. Richards*, 107 F.3d 549, 553 n.5 (7th Cir. 1997) (citing *Langston v. Peters*, 100 F.3d 1235, 1238 (7th Cir. 1996)). This court has already denied Fitzpatrick's motion to compel production of these policies, ECF No. 59 at 3–4, and he has received some policies from defendants in discovery, including at least one policy "not typically

3

posted to inmates." ECF No. 66-2 at 3. Accordingly, the court will not reopen discovery for Fitzpatrick to continue his pursuit of these policies.

However, the court will grant Fitzpatrick another extension of time to respond to the defendants' motion for summary judgment, as the court has now resolved all pending motions and reiterated that the window for discovery has closed. Fitzpatrick's response to the defendants' motion for summary judgment is due on or before 30 days after the date of this order. This extension is not for the purpose of permitting Fitzpatrick to continue filing repetitive discovery motions. If he fails to respond to the defendants' assertion that there are no genuine disputes as to any material facts within 30 days, he risks dismissal of this case and loss of his claims. As explained in the warning and notice accompanying the defendant's motion, he must respond by citing to portions of the record, including his own sworn declaration or affidavit, that demonstrate a factual dispute.

Finally, Fitzpatrick's motion to compel ends with a conclusory request that the court recruit counsel for the purpose of obtaining the DAI policies. ECF No. 66 at 3. Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). But district courts do have discretion to recruit attorneys to represent indigent parties in appropriate cases. 28 U.S.C. § 1915(e)(1). However, a district will appoint counsel only if the indigent party demonstrates that he has made reasonable efforts to obtain private representation and the court further concludes that the case is of sufficient complexity that the inmate is not competent to litigate it himself. *Pruitt*, 503 F.3d at 649, 654. Fitzpatrick has made no showing that he has sought and been denied private representation in this matter, and his clearly written, tenacious filings throughout the discovery process indicate that he is sufficiently competent to pursue his own interests in this case. His motion will therefore be denied.

4

**IT IS THEREFORE ORDERED** that Fitzpatrick's motion for default judgment (ECF No. 60), motion to stay proceedings (ECF No. 61), motions for sanctions (ECF Nos. 62, 64), and motion to compel discovery (ECF No. 66) are all **DENIED**.

**IT IS FURTHER ORDERED** that Fitzpatrick's motion for extension of time (ECF No. 63) is **GRANTED** in part and **DENIED** in part. Fitzpatrick may file a response to the defendants' motion for summary judgment within 30 days of the date of this order.

**IT IS ALSO ORDERED** that Fitzpatrick's motion to appoint counsel (ECF No. 66) is **DENIED** without prejudice.

Dated this 21st day of November, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
